IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| M G Exploration, LLC, ) | |
| ) | |
| Plaintiff, ) | **ORDER DENYING MOTION FOR** |
| ) | **DEFAULT JUDGMENT** |
| vs. ) | |
| ) | Case No.1:22-cv-200 |
| XTO Energy Inc., ) | |
| ) | |
| Defendant and Third ) | |
| Third-Party Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| Helene Brynestad, ) | |
| ) | |
| Third-Party Defendant. ) | |

Before the Court is Plaintiff M G Exploration, LLC's ("MG") motion for default judgment filed on February 25, 2026. See Doc. No. 77. XTO Energy Inc. ("XTO") filed a third-party complaint against Helene Brynestad. See Doc. No. 25. XTO served a copy of the summons and complaint on Helene Brynestad on December 8, 2023. See Doc. No. 28. Brynestad had twenty-one days from the date of service to file an answer or otherwise file a responsive motion. See Fed. R. Civ. P. 12(a)-(b). To date, no answer has been filed nor any appearance made on behalf of Brynestad. XTO has assigned all of its claims against Brynestad to MG. MG now seeks default judgment against Brynestad. XTO supports MG's efforts to secure a default judgment against Brynestad. However, MG has yet to move for entry of default.

Rule 55 of the Federal Rules of Civil Procedure establishes "the basic procedure to be followed when there is a default in the course of litigation." City of New York v. Mickalis Pawn Shop, LLC, 645 F.3d 114, 128 (2d Cir. 2011) (original citation omitted). When a party fails to defend against an action, Rule 55 provides a two-step process for the entry of judgment against

the non-responsive party. First, the party may move for entry of default which "formalizes a judicial recognition that a defendant has, through its failure to defend the action, admitted liability to the plaintiff," but does not admit damages. Id.; see Fed. R. Civ. P. 55(a). Next, the party may seek a default judgment which "converts the defendant's admission of liability into a final judgment that terminates the litigation and awards the plaintiff any relief to which the court decides it is entitled." Id.; see Fed. R. Civ. P. 55(b). In other words, entry of default is a pre-requisite to a default judgment.

The Eighth Circuit Court of Appeals has noted a plaintiff "was wrong to move for a default judgment" when an entry of default was not secured first. Johnson v. Dayton Elec. Mfg. Co., 140 F.3d 781, 783 (8th Cir. 1998). The record reveals that the MG's motion for default judgment is premature. No entry of default has been entered against Brynestad. As a result, the Court finds MG is not entitled to default judgment. If MG wishes to seek default judgment from the Court, it must follow the procedure outlined in Rule 55 of the Federal Rules of Civil Procedure, i.e., first move for the entry of default and have the clerk enter the party's default as per Rule 55(a). Thereafter, move for default judgment in accordance with Rule 55(b). The Court recognizes that technical compliance with Rule 55 is somewhat burdensome. However, the law in the Eighth Circuit is clear, and the undersigned has seen default judgments set aside due to the failure to fully comply with the two-step process required under Rule 55.

The Court has carefully reviewed the entire record and the relevant law from the Eighth Circuit. As MG has failed to comply with Rule 55, the Court **DENIES** the MG's motion for default judgment (Doc. No. 77).

**IT IS SO ORDERED.**

Dated this 26th day of February, 2026.

*/s/  Daniel L. Hovland*
Daniel L. Hovland, District Judge
United States District Court

Case 1:22-cv-00200-DLH-CRH   Document 82   Filed 02/26/26   Page 3 of 3